**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Goodloe,<br><br>        Plaintiff,<br><br>   vs.<br><br>Hector Gomez, et al.,<br><br>        Defendants. | No. CV-14-08067-PCT-PGR<br><br>ORDER |

      This diversity-based removed personal injury action stems from a motor vehicle accident in Arizona between a van driven by plaintiff Maria Goodloe, a Nevada citizen, and a tractor-trailer driven by defendant Hector Gomez and owned by defendant Vasquez Trucking, Inc., both California citizens. The parties filed a Notice of Settlement (Doc. 35) on December 22, 2014. On February 11, 2015, the plaintiff's counsel of record in this action, Bernstein & Poisson, LLC, a Las Vegas, Nevada law firm, filed a Motion to Enforce Fee Agreement and Finalize Settlement (Doc. 37). That motion stated in relevant part that the plaintiff had signed a general settlement release discharging the defendants from liability in consideration of a payment of $500,000 from the defendants, that the defendants had sent the settlement check to the plaintiff's counsel, but that the settlement monies had not yet

been disbursed by the plaintiff's counsel because the plaintiff was contesting with her counsel how much of the settlement fund should be paid to her and how much should be paid to her counsel as attorneys' fees and costs. On February 23, 2015, the parties filed a Joint Report Regarding Status of Settlement (Doc. 39), wherein they stated that the settlement sum had been paid by the defendants and the plaintiff had executed a settlement release but that a stipulation for dismissal with prejudice had not yet been filed solely due to the settlement distribution dispute between the plaintiff and her counsel. On March 4, 2015, the plaintiff, through an Arizona attorney, filed her opposition to her counsel's motion wherein she argued that the portion of her counsel's motion seeking to finalize the settlement agreement with the defendants was moot because she had signed and finalized the settlement agreement; she further argued that the Court had no diversity jurisdiction to resolve that portion of the her counsel's motion seeking to enforce its contingency fee agreement with her, or if did, that it should deny the motion either because she and her counsel had already agreed that a Nevada state court in Las Vegas would resolve their fee dispute or because her counsel's contingency fee agreement was unconscionable. On March 6, 2015, the plaintiff's counsel filed an emergency motion seeking a two-week extension in which to file a reply in support of its motion because it needed time to acquire documents and witness declarations and prepare case logs to counter the plaintiff's argument regarding the extent of its representation of her.

Having reviewed the record, the Court finds that it is undisputed that the plaintiff and the defendants reached an enforceable settlement agreement whereby this action would be dismissed with prejudice upon the payment of $500,000 by the defendants, which payment has been made by the defendants. While there is a

pending fee dispute between the plaintiff and her counsel regarding the distribution of the settlement monies, that does not change the fact that this action has been completely settled as between the plaintiff and the defendants. For that reason, the Court concludes that this action should be terminated with prejudice. The remaining fee dispute between the plaintiff and her counsel is not one that is properly resolved by this Court, and the Court makes no ruling as to the merits of that dispute. Therefore,

IT IS ORDERED that Bernstein & Poisson's Request for Extension of Time to File Reply to Maria Goodloe's Response to Bernstein & Poisson's Motion to Enforce Fee Agreement and Finalize Settlement (Doc. 42) is denied as moot.[1]

IT IS FURTHER ORDERED that Bernstein & Poisson's Motion to Enforce Fee Agreement (part of Doc. 37) is denied without prejudice.

IT IS FURTHER ORDERED that Bernstein & Poisson's Motion to Finalize Settlement (part of Doc. 37) is granted to the extent that this action is dismissed in its entirety with prejudice by reason of the parties' settlement.

DATED this 10th day of March, 2015.

Paul G. Rosenblatt
United States District Judge

---

[1] The Court notes that the plaintiff's counsel's reliance on Rule 8011 of the Ninth Circuit's Bankruptcy Appellate Panel as the basis for its "emergency" motion for an extension of time was improper since the BAP's rules have no applicability to this action.